IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE A. BARDAHL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:19-cv-06103 |
| v. | ) | |
| | ) | Judge Mary M. Rowland |
| WALGREEN CO., an Illinois corporation, | ) | Magistrate Judge Sunil R. Harjani |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR
<u>EXTENSION OF DISCOVERY DEADLINES</u>**

Defendant, Walgreen Co. ("Defendant"), pursuant to Fed. R. Civ. P. 29, moves the Court for the entry of an Order granting a 30-day extension of time for all applicable discovery deadlines. In support of its motion, Defendant states as follows:

1. On January 16, 2020, the parties appeared for an initial status hearing, and the Court set expert witness and other discovery deadlines. (Dckt. 33). Additionally, the Court ordered the parties to meet and confer regarding electronically stored information ("ESI") issues, and submit a proposed ESI Protocol for the Court's review and entry. (*See id.*)

2. On January 30, 2020, counsel for Defendant submitted the parties' <u>*Agreed ESI Report and Protocols*</u> for the Court's consideration.

3. On February 3, 2020, the Court ordered the parties to meet and confer again regarding the submitted ESI protocol, and to submit a revised ESI protocol by February 17, 2020. (See Dckt. 39).

4. To date, Defendant has produced close to 1,500 documents. However, it is taking Defendant longer than anticipated to complete its fact investigation, draft responses to Plaintiff's

written discovery requests, identify potential custodians of relevant documents, including ESI, identify the location of relevant 2015 ESI, and investigate the accessibility of such 2015 ESI.

5. This delay is the result of several factors, including the age of the case (the relevant events occurred in 2015), the fact that some witnesses are no longer employed by Defendant, and the fact that the software platform/database used to schedule "floater" Pharmacists such as Plaintiff back in 2015 (which is highly relevant, as Plaintiff claims that the manner in which he was scheduled compared to other floater Pharmacists violates the Americans With Disabilities Act) has been replaced by another software platform/database.

6. Defendant is actively investigating the feasibility of accessing the prior scheduling software platform/database and emails from the relevant time period. In addition, Defendant's in-house attorney responsible for this matter has been addressing a family medical issue for the past several weeks from out of the office, and the amount of time he has had to dedicate to cases for which he is responsible, including this matter, has been limited.

7. The parties have been cooperating in good faith, and Defendant is committed to continuing to work through discovery and ESI-related issues with its IT professionals and Plaintiff.

8. To that end, Defendant hereby requests that the Court extend the deadlines in its January 16 and February 3 Orders by thirty (30) days.

9. Specifically, Defendant respectfully requests that the Court enter an Order providing as follows:

    a. The parties shall meet and confer and attempt to agree on additional matters relating to ESI disclosure and production, including:

        i.      requirements and limits on the preservation, disclosure, and production of ESI;

        ii.     appropriate ESI searches, including custodian and search terms, or other use of technology-assisted review;

        iii.    the form in which the ESI will be produced; and

        iv.    any other ESI issues applicable to the particular case.

    b.    By <u>March 17, 2020</u>, the parties shall submit an Agreed Revised ESI Report and Protocol reflecting the results of the meet and confer process to the Court's proposed order e-mail box.

    c.    By <u>April 2, 2020</u>, deposition notices shall be issued.

    d.    Plaintiff's expert disclosures are due by <u>May 3, 2020</u>.

    e.    Defendant's expert disclosures <u>June 15, 2020</u>.

    f.    Rebuttal expert disclosures are due by <u>July 29, 2020</u>.

    g.    All expert discovery, including expert depositions, shall be completed by <u>October 30, 2020</u>.

    h.    Status Hearing scheduled for March 17, 2020, is continued to <u>[date of Court's choosing], 2020</u>, at 9:15 a.m.

10.    This request for an extension of time is not made for purposes of delay, and this is Defendant's first request for such an extension.

11.    On February 10, 2020, Defendant's counsel, William J. Wortel, contacted counsel for Plaintiff, George LaForte, regarding the instant Motion. Mr. LaForte advised Mr. Wortel that Plaintiff did no object to the relief sought therein and that Defendant may style the motion as "unopposed."

WHEREFORE, Defendant respectfully requests that the Court enter an Order granting the extensions set forth herein.

Dated: February 13, 2020

Respectfully submitted,

/s/ Patrick M. DePoy
One of the Attorneys for Defendant

William J. Wortel
Patrick M. DePoy
Bryan Cave LLP
161 North Clark Street
Suite 4300
Chicago, Illinois 60601
(312) 602-5000 (telephone)
(312) 602-5050 (facsimile)
bill.wortel@bryancave.com
patrick.depoy@bryancave.com

## **CERTIFICATE OF SERVICE**

I, Patrick M. DePoy, an attorney, certify that I caused a copy of the foregoing *DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF DISCOVERY DEADLINES* to be served upon Plaintiff's counsel via the Court's electronic filing system, on this 13th day of February, 2020:

>George F. LaForte, Jr.
>Bishop & LaForte, LTD.
>1S450 Summit Ave.
>Suite 325
>Oakbrook Terrace, IL 60181
>glafortejr@bishoplaforte.com

>/s/ Patrick M. DePoy
>Patrick M. DePoy

601642466